FILED
2017 Aug-14 PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| GENESIS WESS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:17-cv-00801-KOB-JEO |
| | ) |
| ACTING WARDEN FERNANDEZ, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 and the "savings clause" of 28 U.S.C. § 2255(e), by Genesis Wess, *pro se*, a federal prisoner at the Federal Correctional Institution in Talladega, Alabama. (Doc. 1). In his petition, Wess challenges his federal sentence imposed in 2000 by the United States District Court for the Eastern District of Louisiana after Wess pled guilty to federal drug charges. (*Id.* at 1-2) The magistrate judge to whom the action was referred entered a Report and Recommendation, see 28 U.S.C. § 636(b)(1), proposing that the petition be dismissed for want of jurisdiction. (Doc. 3). Wess has now filed timely objections to the R&R. (Doc. 4). Within those objections is a motion in the alternative to transfer the action to the sentencing court in lieu of dismissing the petition. (*Id.* at 4-7). For the reasons that follow,

the court concludes that the magistrate judge's R&R is due to be accepted, that the action is due to be dismissed for lack of jurisdiction, and that the motion to transfer is due to be denied.

I.

In his habeas petition, Wess argues that he was improperly sentenced as a career offender under the then-mandatory United States Sentencing Guidelines. Specifically, he contends that, based on the Supreme Court's recent decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), he is "actually innocent" of his Guidelines career offender enhancement, on the theory that his prior Mississippi state conviction for distribution of a controlled substance, in violation of Miss. Code § 41-29-139, was erroneously counted as a felony conviction for "a controlled substance offense" as defined in U.S.S.G. § 4B1.2(b).

The magistrate judge concluded that this court lacks habeas jurisdiction to hear such a claim attacking a federal sentence. In support, the magistrate judge relied on two *en banc* decisions of the Eleventh Circuit Court of Appeals: *Gilbert v. United States*, 640 F.3d 1293 (11th Cir. 2011) (en banc), and *McCarthan v. Director of Goodwill Indust.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc).

In *Gilbert*, the court held that § 2255(e)'s savings clause does not extend

habeas jurisdiction to claims by federal prisoners, like Wess, who contend they were improperly sentenced under the Guidelines, but still within the statutory maximum for their offenses. 640 F.3d at 1295. And in *McCarthan*, the court interpreted the scope of § 2255(e)'s savings clause as being even narrower still, holding that the statute authorizes habeas jurisdiction "only when [a motion to vacate a federal sentence under 28 U.S.C. § 2255] cannot remedy a particular kind of claim." 851 F.3d at 1099. Thus, the *McCarthan* court held that, even where a federal prisoner claims that a retroactively applicable, circuit-precedent-busting Supreme Court decision establishes that he was improperly sentenced above the statutory maximum, habeas review is foreclosed because such a claim can generally be raised in a § 2255 proceeding, even if it might have clearly had no chance of succeeding at the time. 851 F.3d at 1099-1100.

## II.

### A.

Wess objects to the R&R, arguing that the magistrate judge failed to discuss whether the Supreme Court's decision in *Mathis* applies retroactively to cases on collateral review. Citing a host of lower federal court decisions from outside the Eleventh Circuit, Wess also suggests existence of "a circuit split on the appropriate remedy" for a claim based on *Mathis*. (Doc. 4 at 1). Ultimately, he

3

contends that this court should adopt the approach taken by the Seventh Circuit Court of Appeals, which he posits would allow his *Mathis* claim to be heard in habeas under § 2241. (Id. at 4).

Unfortunately for Wess, this court is bound to adhere to the holdings of published decisions of the Eleventh Circuit Court of Appeals unless and until they are overruled by that court sitting en banc or they are abrogated by the Supreme Court of the United States. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n. 8 (11th Cir. 2001); *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997). Because the Eleventh Circuit has spoken clearly on the relevant issues in *Gilbert* and *McCarthan,* that is the end of the discussion for this court.

In short, the court must follow *Gilbert* and *McCarthan* wholly regardless of whether other federal courts, including other circuit courts of appeals or, indeed, this court itself, might agree with their reasoning. *See Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 900 n. 1 (11th Cir. 1990) ("We need hardly add that even if there were a relevant circuit split, the district court is bound by controlling Eleventh Circuit precedent."); *see also Barr v. Fernander*, No. 1:17-cv-0843-AKK-JEO, Doc. 5 (N.D. Ala. June 20, 2017).

**B.**

In the alternative, Wess moves the court to, in lieu of dismissing his habeas

4

petition for lack of jurisdiction, transfer the action to the federal district court that sentenced him, in the Eastern District of Louisiana. (Doc. 4 at 1, 4-7). This court is authorized, upon finding that it lacks jurisdiction over a civil action, to transfer the action to another federal district court "in which the action ... could have been brought at the time it was filed," if to do so "is in the interest of justice." 28 U.S.C. § 1631.[1]

But, to the extent that Wess's pleading is construed as a habeas corpus petition filed pursuant to § 2241, as he has labeled it, such an action may be filed, if at all, only in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Garcia v. Warden*, 470 F. App'x 735, 736 (11th Cir. 2012); 28 U.S.C. § 2241(a), 2243. And because Wess is incarcerated in the Northern District of Alabama, the federal district court for the Eastern District of Louisiana would lack

---

[1]In support of his motion for a transfer to the sentencing court, Wess actually cites the *forum non-conveniens* statute, 28 U.S.C. § 1404(a), which authorizes a court to transfer venue to another court "for the convenience of the parties and witnesses," if it would serve "the interest of justice." While both § 1404(a) and § 1631 authorize transfer of a civil action from one district court to another "in the interest of justice" and are thus "analogous in operation," *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1985), if this court lacks jurisdiction, only the latter statue might apply here, technically speaking. That is, Section 1631 applies where the district court in which the action was originally filed does not have subject-matter jurisdiction, so the discretionary choice for the court is between dismissing the action or transferring it to another district court that would have jurisdiction. By contrast, § 1404(a) applies where the district court in which the case was originally filed does have jurisdiction, so the court could keep the case, but the court considers whether to transfer it to another district court with concurrent jurisdiction, based upon a weighing of the relative convenience to the parties and witnesses afforded by the respective courts. *See Dobard v. Johnson*, 749 F.2d 1503, 1507 (11th Cir. 1985).

jurisdiction to entertain this action as one seeking a writ of habeas corpus. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) ("As [the petitioner] is incarcerated in [the federal prison in] Talladega, Alabama, only the district court the Northern District of Alabama would have jurisdiction to entertain his § 2241 petition."). Indeed, both the sentencing court and the United States Court of Appeals for the Fifth Circuit have previously told Wess as much. *See Wess v. United States*, 61 F. App'x 920, 920 (5th Cir. Feb. 19, 2003). As a result, this action arising under the habeas statutes is not properly subject to transfer to the Eastern District of Louisiana under 28 U.S.C. § 1631.

The court recognizes that if Wess's habeas application were re-characterized as a motion to vacate his federal sentence filed pursuant to 28 U.S.C. § 2255, the sentencing court in the Eastern District of Louisiana would at least generally have subject-matter jurisdiction over that type of motion. Wess alleges in his pleading, however, that he previously filed a § 2255 motion in that court in 2002 and had it denied. (Doc. 1 at 3). He also alleges that, in March 2016, he filed an application in the Fifth Circuit seeking permission to file a second § 2255 motion in the sentencing court, pursuant to 28 U.S.C. § 2255(h), but that court of appeals denied the application. (*Id.*) As a result, the sentencing court in the Eastern District of Louisiana would lack jurisdiction to entertain another § 2255

6

motion from Wess. *See* 28 U.S.C. § 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). In fact, the sentencing court and the Fifth Circuit have also ruled in Wess's own case that the former would not have jurisdiction to consider a habeas filing even if it were deemed a § 2255 motion because it would have been successive. *See Wess*, 61 F. App'x at 920. Accordingly, the court has no basis for transferring this action to the sentencing court pursuant to 28 U.S.C. § 1631 based on a recharacterization of Wess's habeas petition as a § 2255 motion. *See Barr*, No. 1:17-0843-AKK-JEO, Doc. 5 at 6.

Finally, Wess contends that a transfer of his habeas action to the sentencing court is authorized under 28 U.S.C. § 2241(d). (Doc. 4 at 5). He is again wrong. That statute authorizes transfers in habeas corpus actions filed by "a person in custody under the judgment and sentence of a State court," *i.e.*, State prisoners, and only then between district courts within the same State in which the petitioner was convicted. Thus, § 2241(d) has no application to Wess's habeas petition challenging his present physical custody, insofar as he is a *federal* prisoner seeking a transfer to a district court in a *different* State. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) ("Section 2241(d) applies when [a state] prisoner is confined in that state in which he was convicted and sentenced.");

7

*Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991) (recognizing that, § 2241(d) withstanding, "[i]f the petitioner is a federal prisoner, or if the state sentencing court is in a different state from the prisoner or his custodian, the district court still must have jurisdiction over the prisoner or his custodian."); *Barr*, No. 1:17-0843-AKK-JEO, Doc. 5 at 7.

### III.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's Report and Recommendation and the Petitioner's Objections thereto, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. Petitioner's Objections are **OVERRULED**. Petitioner's motion to transfer, contained in his Objections (Doc. 4 at 1, 4) is due to be **DENIED**. As a result, the petition for writ of habeas corpus is due to **DISMISSED WITHOUT PREJUDICE**, for lack of jurisdiction. A separate Final Order will be entered.

DONE and ORDERED this 14th day of August, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE